IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER,<br>    #202200383,<br>        PLAINTIFF, | §<br>§<br>§<br>§ | |
| V. | § | CASE NO. 3:22-CV-1110-C-BK |
| NFN HALE.<br>        DEFENDANT. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Braylon Ray Coulter, a Texas prisoner, filed this 42 U.S.C. § 1983 lawsuit on May 19, 2022. Doc. 3. He filed an amended complaint in response to a notice of deficiency on June 22, 2022. Doc. 6. He also filed a motion to proceed *in forma pauperis* with the amended complaint. Doc. 7. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* should be **DENIED** and his complaint should be **DISMISSED** unless, within twenty-one (21) days of the Court accepting this recommendation, he pays the filing and administrative fees or submits a complete *in forma pauperis* application and certificate of trust account.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint. Doc. 3. But he did not move to proceed *in forma pauperis* or pay the filing fee. So, the Court issued a notice of deficiency directing him to, in addition to filing an amended complaint on the court's standard

form, either pay filing and administrative fees of $402.00 or file an application *to proceed in forma pauperis* on the court-approved form with the required certificate of inmate trust account. Doc. 5.

Plaintiff subsequently filed an amended complaint. Doc. 7. He also filed a motion to proceed *in forma pauperis* and certificate of inmate trust account, however, both documents are missing information. *See* Doc. 7. Plaintiff claims that within the last year, he has received money from gifts or inheritance, family or friends, and other sources. Doc. 7 at 1. But, when asked to describe the source of those funds and the amount of money he received from them in the last year, Plaintiff stated "not applicable, invasion/right of privacy." Doc. 7 at 1. He submitted a certificate of inmate trust account (Doc. 7 at 3), but it is not signed by an authorized officer at Plaintiff's place of confinement. Instead, Plaintiff indicates that he does not consent to certification by an officer at his institution of confinement. *See* Doc. 7 at 3. So, although Plaintiff indicates that he has only $0.07 in his account, this figure is not properly corroborated. *See* Doc. 7 at 3. Plaintiff also does not consent to his institution of confinement withdrawing and forwarding to the Court any initial filing fee or appeal fee and any subsequent installments ordered by a Court under the *in forma pauperis* provisions of 28 U.S.C. § 1915. Doc. 7 at 3.

## II. LAW AND ANALYSIS

Whether to permit an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*,

2

842 F.2d at 140. Here, Plaintiff's *in forma pauperis* application does not provide sufficient information to allow the Court to make that determination.

As described above, Plaintiff says that he received money in the last year from gifts or inheritance, family or friends, and other sources, but he refuses to provide any information about those funds. Doc. 7 at 1. Also, Plaintiff failed to provide a completed certificate of inmate trust account. But Plaintiff, as a prisoner, is subject to the requirement that he file a certified copy of the inmate trust account along with a completed *in forma pauperis* application. *See* 28 U.S.C. § 1915(a)(2); *see also*, *e.g*, *Reed v. Morales*, No. C.A.C. 06 79, 2006 WL 582040, at *1 (S.D. Tex. Mar. 6, 2006) (denying prisoner's motion to proceed *in forma pauperis* filed without certification of inmate trust account).[1]

For these reasons, Plaintiff's motion to proceed *in forma pauperis* is defective and should be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 7) should be **DENIED**. The Court should inform Plaintiff that the complaint will be **DISMISSED** without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays the filing

---

[1] Plaintiff also indicated that he did not consent to his institution of incarceration withdrawing and forwarding to the Court an initial partial filing fee and subsequent installments under the *in forma pauperis* provisions of 28 U.S.C. § 1915. *See* Doc. 7 at 3. However, to extent that Plaintiff wishes to proceed *in forma pauperis*, 28 U.S.C. § 1915(b)(1) requires that a prisoner pay the full amount of the filing fee pursuant to an initial partial fee and then installment payments after that until the fee is paid. So, if he does not consent to his institution of confinement withdrawing payments in accordance with that section, he may not proceed *in forma pauperis* regardless of whether he submits a sufficient application to do so.

and administrative fees of $402.00 to the Clerk of Court or submits a completed *in forma pauperis* application and certificate of inmate trust account within 21 days of the Court's order.

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).